[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PRE-JUDGMENT REMEDY
The plaintiffs have applied for a prejudgment remedy to attach real property of the defendant HARDOR, Inc. and personal property of the defendants Harold Buck and Blaine Buck.
The plaintiffs contracted with the defendant HARDOR, Inc. to purchase a new home being constructed by HARDOR, Inc., a corporation in the business of home building. The plaintiffs now claim various defects in workmanship on the house.
A hearing was held pursuant to § 52-278d of the Connecticut General Statutes and the Court is cognizant of the terms of said statute.
The Court has considered the evidence presented and concludes the plaintiffs have met their burden of establishing probable cause for the issuance of a prejudgment remedy against the corporate defendant CT Page 4738 HARDOR, Inc. The plaintiffs have not established the probability of a judgment against the individual defendants Harold Buck and Blaine Buck.
The plaintiffs have established the probability that the floor in the foyer of the home was improperly installed and that nails were "popping" in the kitchen floor. There was evidence that the defendant attempted to repair the kitchen tile, but also evidence that even after repairs were made nails subsequently again "popped", probably because the defendant did not properly correct the problem.
There was conflicting evidence as to the estimated cost to make repairs to the foyer and kitchen floors, but assessing the credibility of the testimony, the Court determines the total cost will probably not exceed $6000.
The other claimed defects either were not established to be the fault of the defendant, i.e., the cut floor joists in the basement, or were not complained of within one year of the closing, thus were no longer under warranty. For instance the plaintiffs claim drywall defects, but by letter to the defendant dated August 30, 1996, more than one year after closing, the plaintiffs stated they were pleased with the drywall painting. Also, it is noteworthy that the building official inspected and approved the framing of the construction.
Accordingly, the application for prejudgment remedy is granted to attach the real estate of HARDOR, Inc. in the amount of $6000. The application is denied as to Harold Buck and Blaine Buck.
Klaczak, J.